United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC H. LOVEJOY, *et al.*,

        Plaintiffs,

    v.

BANK OF AMERICA, N.A.,

        Defendant.
_____/

No. C 13-1638 DMR

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Defendant Bank of America, N.A. moves the court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Eric H. Lovejoy and Carolyn B. Lovejoy's complaint for failing to state a claim upon which relief can be granted. [Docket No. 11.] The court conducted a hearing on June 27, 2013, during which the parties were given an opportunity to present oral argument. For the reasons below, Defendant's motion is granted in part and denied in part.

## I. Background

Plaintiffs brought suit against Defendant Bank of America, N.A. ("Bank of America") alleging that it violated federal and state consumer protection laws by furnishing inaccurate credit information to consumer reporting agencies regarding Plaintiffs' mortgage accounts, which negatively impacted Plaintiffs' credit.

Plaintiffs make the following allegations in their Complaint, all of which are taken as true solely for purposes of this motion.[1] In July 2007, Plaintiffs purchased real property in South Bend, Indiana. To purchase the property, Plaintiffs obtained two mortgage loans that were secured by a first and second deed of trust (the "first" and "second" loans). (Compl. ¶ 6; Def.'s RJN Exs. A, B[2].) Federal National Mortgage Association (Fannie Mae) owned the loans and Defendant Bank of America serviced the loans. (Compl. ¶ 6.) By August 2010, the property value had decreased "to the point plaintiffs could not sell it without coming up with a large amount of cash." (Compl. ¶ 7.) Plaintiffs then began discussing with Defendant the possibility of a deed in lieu of foreclosure ("DIL") to "dispose of the property and get out of debt." (Compl. ¶¶ 7-8.) Defendant agreed to a DIL. (Compl. ¶ 9.) On February 22, 2011, Defendant sent Plaintiffs instructions concerning the DIL transaction, informing Plaintiffs that if they "complied with various conditions, the bank and its investors '[would] waive the remaining balance due . . . and release the borrower from further obligations therein,'" and that Defendant "would report the debt as 'deed received in lieu of foreclosure on a defaulted mortgage.'" (Compl. ¶ 10.) As to the DIL transaction for the first loan, Defendant instructed Plaintiffs to pay $1,000 "to assist in the closing of the transaction." (Compl. ¶ 11.) Plaintiffs were not instructed to make any payment associated with the DIL transaction for the second loan. (Compl. ¶ 11.) On February 24, 2011, Plaintiff contacted a Bank of America specialist, Kevin Sabey, with questions about the DIL instructions. Specifically, Plaintiffs asked if they owed anything on the first loan. (Compl. ¶ 12.) Mr. Sabey told them that they did not owe anything on the loan "because they were paying the $1,000 in full." (Compl. ¶ 12.)

Plaintiffs received Defendant's DIL agreement on February 28, 2011, which they signed and returned by overnight mail to Defendant the same day, along with a cashier's check for $1,000.

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

[2] The court grants Defendant's request for judicial notice of Exhibits A and B. They are true and correct copies of official public records of St. Joseph County, Indiana, and their authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Plaintiffs did not object to the court taking judicial notice of these documents.

2

(Compl. ¶ 13.) The DIL agreement between Plaintiffs and Defendant provides in relevant part as follows:

> Subject to the satisfaction by the Borrower of the conditions herein contained, the Lender shall accept the conveyance of the Premises to the Lender in full, final and complete settlement, accord, and satisfaction of the Indebtedness and the other obligations of the Borrower owing under the Loan Documents.

(Compl. ¶ 14; Anderson Decl., June 3, 2013, ¶ 2, Ex. A § 2[3]). In addition, the DIL agreement states that the closing date for the agreement "shall occur on or before 5:00 p.m. on March 7, 2011, (the Closing Date)." (Compl. ¶ 14; Anderson Decl. Ex. A § 3.) Although Defendant cashed Plaintiffs' check for $1,000 on March 4, 2011, it did not close the DIL transaction until the end of March 2011. Mr. Sabey later informed them that the transaction was completed as of March 31, 2011. (Compl. ¶¶ 15, 16.)

Plaintiffs allege that since October 2011, Defendant has reported inaccurate information regarding the home loans to credit reporting agencies, and that as a result, they have been denied loans and extensions of credit based on Defendant's credit reporting. (Compl. ¶¶ 18, 19, 23, 25-27.) Specifically, Defendant has reported that Plaintiffs were late making their March 2011 loan payment on the first loan, and that Plaintiff Eric Lovejoy was late making the March 2011 loan payment on the second loan. (Compl. ¶ 18.) Plaintiffs allege that they were never more than 30 days past due on any of their loan payments, and that payment of the March 2011 loan payments "was waived by [Defendant] as confirmed by Mr. Sabey . . . and as indicated in the DIL instructions and agreement." (Compl. ¶ 19.)

Since November 2011, Plaintiffs have repeatedly contacted Defendant to dispute its reporting. In October 2012, Defendant sent Plaintiffs a letter stating that "it would not change its credit reporting." (Compl. ¶¶ 20-21.) In February 2013, Plaintiffs sent credit report dispute letters to credit reporting agencies Experian, Equifax, and Trans Union, explaining that they had never been

---

[3] Plaintiffs clearly intended to attach the DIL to the Complaint, but inadvertently omitted it. (*See* Compl. ¶ 14; Anderson Decl. ¶¶ 2-3.) Even though the DIL was not attached to the Complaint, the court may consider it without converting this motion into a motion for summary judgment. This is because the contents of the agreement were alleged in the Complaint and no party has questioned the document's authenticity. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

late making their payments to Defendant. Upon receipt of these letters, the credit reporting agencies sent Defendant consumer dispute verification requests. (Compl. ¶ 22.) Although Defendant was obligated to conduct an investigation into the disputes, Plaintiffs allege that it "failed and refused to conduct a reasonable investigation [and] instead the bank reported it was correctly reporting the late payment information" to the credit reporting agencies. (Compl. ¶ 23.)

On April 10, 2013, Plaintiffs filed suit against Bank of America alleging claims for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681s-2(b), and violation of California's Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code section 1785.25(a)-(c).

## II. Legal Standards

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation and quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

"[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa*

*Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. Analysis

#### A. Plaintiffs' FCRA Claim

Plaintiffs' first cause of action is for violation of the FCRA, 15 U.S.C. § 1681s-2(b). Plaintiffs allege that Defendant violated the FCRA by failing to reasonably investigate Plaintiffs' dispute regarding the accuracy of the information Defendant reported about Plaintiffs to the credit reporting agencies. Defendant argues that this claim fails for two reasons: first, Plaintiffs do not allege how the information Defendant reported about Plaintiffs was inaccurate; and second, Plaintiffs do not adequately state a claim for failure to investigate.

Congress enacted the FCRA in 1970 to regulate credit reporting agencies ("CRAs") and furnishers of information to CRAs in order to ensure fair and accurate credit reporting. *See* 15 U.S.C. § 1681. Under the FCRA, furnishers may not report credit information to CRAs that they know to be inaccurate, 15 U.S.C. § 1681s-2(a), but only federal or state officials may pursue a claim for violation of that requirement. 15 U.S.C. § 1681s-2(d). Consumers have a private right of action for negligent or willful noncompliance with § 1681s-2(b). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). That provision of the FCRA requires "that a furnisher conduct a reasonable investigation of a consumer dispute" and report the results to the CRA. *Id.* In addition, "'if the investigation finds that the information is incomplete or inaccurate, [the furnisher must] report those results' to the CRAs." *Id.* (quoting section 1681s-2(b)(1)(C)). The investigation must take place within specific time limits, and the furnisher must also modify, delete, or block reporting of information that is inaccurate, incomplete, or cannot be verified. 15 U.S.C. § 1681s-2(b).

Defendant first argues that Plaintiffs' FCRA claim fails because Plaintiffs have not alleged *how* Defendant's reporting about the loans was inaccurate. In the Complaint, Plaintiffs assert that Defendant inaccurately reported that Plaintiffs' March 2011 loan payments were late. Plaintiffs allege that the lender waived those payments as part of the DIL transaction. Further, Plaintiffs allege that they had never been more than 30 days past due on any of their loan payments. (Compl.

1 ¶ 19.) Defendant argues that these allegations are insufficient because Plaintiffs fail to state "how
2 they could have reasonably believed that they were discharged from making their March 2011 loan
3 payments." (Def.'s Mot. 6.) Defendant goes on to assert what are essentially arguments on the
4 merits: that any waiver of March 2011 loan payments had to exist in writing, that the DIL
5 transaction did not close until late March 2011,[4] and that provisions of the DIL contract should be
6 interpreted in a particular manner. The accuracy of Defendant's reporting on the loans will turn on
7 the resolution of the question of whether Plaintiffs were relieved of their obligation to make the
8 March 2011 loan payments. This disputed issue ultimately must be decided, but should not be
9 determined at the pleading stage. In considering a motion to dismiss for failure to state a claim, the
10 court must "accept as true all of the factual allegations contained in the complaint." *Erickson*, 551
11 U.S. at 94. Here, nothing in the DIL agreement clearly contradicts Plaintiffs' allegation that
12 Defendant reported inaccurate information to the CRAs. Therefore, Plaintiffs have sufficiently
13 pleaded the alleged inaccuracy of Defendant's reporting.

14 Next, Defendant argues that Plaintiffs have failed to state a claim under section 1681s-2(b)
15 for failure to investigate their dispute. In order to state a claim under section 1681s-2(b), a plaintiff
16 must allege that he or she contacted the CRAs with a complaint about inaccurate credit information,
17 and that the CRAs in turn determined the claim was viable and contacted the credit furnisher,
18 thereby triggering the furnisher's duty to investigate. *See*, *e.g.*, *Roybal v. Equifax*, 405 F. Supp. 2d
19 1177, 1180 (E.D. Cal. 2005); *see also Mann v. Wells Fargo Bank*, No. C 12-03014 DMR, 2012 WL
20 3727369, at *6 (N.D. Cal. Aug. 27, 2012). The plaintiff must also allege that the furnisher failed to
21 take any of the actions specified in section 1681s-2(b)(1), such as conducting an investigation with
22 respect to the disputed information. *See* 15 U.S.C. § 1681s-2(b)(1)(A).

23 Here, Plaintiffs allege that they sent dispute letters to the three CRAs, each of whom then
24 notified Defendant. (Compl. ¶ 22.) Plaintiffs further allege that upon receipt of the dispute,
25 Defendant "failed and refused to conduct a reasonable investigation [and] instead the bank reported

26 _____

27 [4] The DIL is dated February 28, 2011, and specifically provides that the closing date for the agreement "shall occur on or before 5:00 on March 7, 2011 . . ." (Anderson Decl. Ex. A § 3.) The DIL
28 also contains release language that references the March 7, 2011 closing date as the effective date. (*Id.* at § 5(c)).

it was correctly reporting the late payment information" to the CRAs. (Compl. ¶ 23.) Defendant's argument is convoluted. It argues that Plaintiffs' claim that Defendant failed to conduct a reasonable investigation is contradicted by Plaintiffs' allegation that Defendant "reported it was correctly reporting" the information about Plaintiffs. (Compl. ¶ 23.) According to Defendant, Plaintiffs cannot base a FCRA claim on their "dissatisfaction with [Defendant's] conclusion after [its] investigation of the disputed report." (Def.'s Mot. 6.) Defendant thus appears to argue that its conclusion that it was correctly reporting the late payment information had to have been based upon an investigation; therefore, Defendant satisfied the investigation requirements of section 1681s-2(b)(1)(A).

Plaintiffs have adequately pleaded a claim for failure to conduct a reasonable investigation of their dispute. Plaintiffs allege that Defendant reported inaccurate information to the CRAs, that Plaintiffs disputed the accuracy of the information to the CRAs, and that Defendant continued to report inaccurate information. Such factual allegations suffice for pleading purposes, for they permit the court to make the reasonable inference that Defendant's investigation was unreasonable, given that it continued to report allegedly inaccurate information. *See Iqbal*, 556 U.S. at 678 (holding that a claim has "facial plausibility" when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Further, as Plaintiffs correctly note, the issue in this FCRA action is not whether Defendant conducted any investigation of the dispute, but rather, whether the investigation was reasonable. *See Gorman*, 584 F.3d at 1155-57. Resolution of that question is necessarily a fact-intensive inquiry, *see id.* at 1157, and may not be decided on a motion to dismiss. Accordingly, the court concludes that Plaintiffs have sufficiently alleged an FCRA claim.

### B. Plaintiffs' CCRAA Claims

Plaintiffs next allege that Defendant violated three provisions of the CCRAA, California Civil Code section 1785.25(a)-(c). Specifically, Plaintiffs allege that Defendant violated the CCRAA by furnishing information to the CRAs that "it knew or should have known was inaccurate," thus violating section 1785.25(a); failing "to make corrections to the information" it furnished to the CRAs, violating section 1785.25(b); and failing "to provide a notice to the [CRAs]

that the information it was providing was disputed" by Plaintiffs, violating section 1785.25(c). (Compl. ¶¶ 37-39.) Defendant argues that each of Plaintiffs' claims under the CCRAA fail, asserting that Plaintiffs have failed to adequately state a claim under section 1785.25(a) and the FCRA preempts Plaintiffs' remaining CCRAA claims under subsections (b) and (c).

Section 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Defendant argues that Plaintiffs have failed to state a claim for violation of section 1785.25(a) because they have failed to show how the information Defendant was reporting was inaccurate. As discussed above, Plaintiffs have sufficiently pleaded the alleged inaccuracy of Defendant's reporting to the CRAs. The court finds that Plaintiffs have adequately stated a claim under section 1785.25(a).

Defendant next argues that Plaintiffs' section 1785.25(b) and (c) claims must be dismissed because they are preempted by the FCRA. The FCRA contains an express preemption provision which provides, in relevant part, that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). The provision expressly excepts only one statute relevant here, California Civil Code section 1785.25(a). *See* 15 U.S.C. § 1681t(b)(1)(F)(ii); *see also Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 888-89 (9th Cir. 2010) (en banc) (noting that "[b]ecause section 1785.25(a) is the only substantive CCRAA furnisher provision specifically saved by the FCRA, [plaintiff's] section 1785.25(f) claim is preempted."). Section 1785.25(b) provides that a furnisher that determines that a report to a CRA is inaccurate or incomplete "shall promptly notify" the CRA of that determination and provide corrections to the CRA. Cal. Civ. Code § 1785.25(b). Section 1785.25(c) provides that if the completeness or accuracy of information furnished to a CRA is subject to a continuing dispute between the consumer and the furnisher, the furnisher may not continue to report the information without including a notice that the consumer disputes the information. Cal. Civ. Code § 1785.25(c). Both provisions impose requirements on furnishers that are nearly identical to requirements set forth in the FCRA. *See* 15 U.S.C. §§ 1681s-2(a)(2)

1 (requiring furnishers to "promptly notify" a CRA of its determination that reported information is
2 incomplete or inaccurate and provide corrections) and 1681s-2(a)(3) (requiring furnishers to notify
3 CRAs if reported information is disputed by a consumer).

4 Plaintiffs argue that these sections not preempted because they are "informal remedies that
5 compliment Section 1785.25(a)," which bars furnishers from reporting incomplete or inaccurate
6 information. (Pls.' Opp'n 9-10.) The only support Plaintiffs cite for this argument is a footnote in
7 *Gorman*. (Pls.' Opp'n 10 (citing *Gorman*, 584 F.3d at 1173 n.35).) In *Gorman*, the Ninth Circuit
8 considered whether the FCRA preempts the private enforcement provisions of the CCRAA,
9 California Civil Code sections 1785.25(g) and 1785.31. *Gorman*, 584 F.3d at 1169-73. In
10 concluding that it does not, the court noted that "the remedial provisions [sections 1785.25(g) and
11 1785.31] do not impose any 'requirement[s] or prohibition[s]' on furnishers of information . . . , and
12 so the private enforcement provisions do not fall within the statute's express preemption provision."
13 *Id*. at 1173 n.35, 1171 (sections 1785.25(g) and 1785.31 "merely provide a vehicle for private
14 parties to enforce other sections, which *do* impose requirements and prohibitions." (emphasis in
15 original)). The *Gorman* court did not mention or discuss any other provisions of the CCRAA, and
16 the court declines to read the footnote from *Gorman* as broadly as Plaintiffs urge. *See Carvalho*,
17 629 F.3d at 889 (cautioning that "*Gorman* holds only that the FCRA does not preempt section
18 1785.25(a) claims against furnishers."). In fact, the *Gorman* court observed that section
19 1681t(b)(1)(F) "appears to preempt all state law claims based on a creditor's responsibilities under
20 Section 1681s-2," *id*. at 1166, implying that the FCRA preempts any state law violation that is based
21 on conduct that section 1681s-2 covers. *See Subhani v. JPMorgan Chase Bank, N.A.*, No. C 12-
22 01857 WHA, 2012 WL 1980416, at *5 (N.D. Cal. June 1, 2012) (relying on this implication to
23 conclude that claims based on state laws relating to activity covered by section 1681s-2 were
24 preempted).

25 Here, there is no dispute that Defendant is a person "who furnish[es] information to
26 consumer reporting agencies," and both of the provisions at issue impose requirements on furnishers
27 of information to CRAs. *See* 15 U.S.C. §§ 1681t(b)(1)(F). Moreover, Plaintiffs' claims under
28 subsections (b) and (c) are each based on conduct covered by section 1681s-2. *See* 15 U.S.C. §§

9

1681s-2(a)(2), (3). Accordingly, the court concludes that subsections (b) and (c) are preempted by the FCRA. Plaintiffs' claims pursuant to those subsections are dismissed.[5] *See Harrold v. Experian Info. Solutions, Inc.*, No. C 12-02987 WHA, 2012 WL 4097708, at *3 (N.D. Cal. Sept. 17, 2012) (dismissing as preempted claims under subsections (b) and (c) of section 1785.25 "because they relate to the responsibilities of persons who furnish information to consumer reporting agencies." (citing *Carvalho*, 629 F.3d at 889)).

## IV. Conclusion

For the foregoing reasons, Defendants' motion is granted in part and denied in part. Plaintiffs' claims pursuant to California Civil Code section 1785.25, subsections (b) and (c) are dismissed with prejudice.

IT IS SO ORDERED.

Dated: July 3, 2013



_____
DONNA M. RYU
United States Magistrate Judge

---

[5] Plaintiffs also argue that it is inappropriate to resolve the affirmative defense of preemption on a motion to dismiss. Although ordinarily affirmative defenses may not be raised in a motion to dismiss, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984), a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010). Here, preemption is apparent on the face of the Complaint, as Plaintiffs have clearly stated claims under the preempted subsections of section 1785.25. (*See* Compl. ¶¶ 38, 39.)